[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12834
Non-Argument Calendar

_____

D.C. Docket No. 4:16-cv-00110-WS-CAS

RONALD DAVID JONES,

Plaintiff-Appellant,

versus

CHRIST TOWN MINISTRIES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 28, 2016)

Before WILSON, JULIE CARNES, and JILL PRYOR Circuit Judges.

PER CURIAM:

Ronald David Jones, proceeding pro se and *in forma pauperis*, appeals the dismissal of his amended complaint filed pursuant to 42 U.S.C. § 1983 for failure to state a claim.  On appeal, Jones argues that the district court erred in dismissing his amended complaint, which alleged that Christ Town Ministries intentionally failed to send his internship paperwork to Grand Canyon University because of his race and religious beliefs, thereby violating his First and Fourteenth Amendment Rights.

Section 1983 does not create substantive rights, but instead "provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb Cty., Ga.*, 103 F.3d 1510, 1512 (11th Cir. 1997).  A plaintiff suing under § 1983 must show that he was deprived of a federal statutory or constitutional right by a person acting "under color of state law." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003).  Section 1983 does not apply to purely private conduct, but it can apply to the actions of private actors if: (1) the actor performed a function that is traditionally the exclusive prerogative of the state; (2) the state has coerced or significantly encouraged the action taken by the private party; or (3) the state has such a relationship of interdependence with the private actor that it was a joint participant in the action. *Id*. at 1277.

2

Jones's amended complaint failed to show that Christ Town Ministries was a state actor, or allege facts that would satisfy any of the three methods by which a private actor can be deemed to have acted under color of state law. *Focus on the Family*, 344 F.3d at 1276-77. Thus, the district court did not err in dismissing Jones's amended complaint for failure to state a claim upon which relief can be granted.

**AFFIRMED.**